UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00022

———

**Robert David Bracken,**

*Plaintiff,*

v.

**Commissioner, Social Security Administration,**[1]

*Defendant.*

———

## OPINION AND ORDER

Plaintiff sues the Commissioner of the Social Security Administration for judicial review of an overpayment calculation. Doc. 1. The Commissioner filed a motion to dismiss the case because, in the Administration's view, plaintiff had not exhausted his administrative remedies.

The magistrate judge issued a report (Doc. 23) recommending that the court deny defendant's motion to dismiss (Doc. 9). Defendant objected to that recommendation, and the court now reviews that portion of the report de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). For the reasons given below, the court denies defendant's motion to dismiss but does so on different grounds that those recommended by the magistrate judge. The magistrate judge's report is thus accepted in part.

### Background

The report and recommendation provides in detail the factual background of this case. *See* Doc. 23 at 1–5. This order assumes familiarity with that portion of the report and provides an abbreviated background below.

———

[1] After this action was filed, Martin O'Malley became the Commissioner of the Social Security Administration. Commissioner O'Malley is therefore automatically substituted as the defendant in this case. *See* Fed. R. Civ. P. 25(d).

1.   Plaintiff is a recipient of Title II benefits.[2] In March 2016, the Administration issued plaintiff a notice that it had made incorrect payments to him. Doc. 9-1 at 27. But that notice contained inconsistencies as to the magnitude of the error and whether the Administration had paid plaintiff too much or too little. The notice stated, at one point, that plaintiff had been *overpaid* $50,963.00 and, at another point, that plaintiff had been *underpaid* $74,247.00. *Id.*

Over the next ten months, plaintiff received two more notices with different overpayment amounts.[3] Plaintiff sought a hearing with an administrative law judge (ALJ). But because the latest notice stated that plaintiff had the right to request reconsideration of the decision rather than an ALJ hearing, the ALJ dismissed plaintiff's case for lack of jurisdiction. *Id.* at 64–65.[4] The Administration's Appeals Council then denied plaintiff's request for review and remanded the matter to the Mid-Atlantic Program Service Center for a reconsideration determination. *Id.* at 136.

On March 25, 2020, plaintiff filed suit in this court.[5] On July 22, 2021, this court dismissed the suit without prejudice for failure to exhaust administrative remedies because the Appeals Council remanded the matter to the field office instead of making a final decision for the agency. 2021 WL 8441756 (E.D. Tex. July 22, 2021).

On December 8, 2022, nearly a year and a half after this court's dismissal, the field office dismissed plaintiff's requests for

---

[2] Title II provides for payment of disability benefits to disabled individuals who are "insured" under the Act due to their payments of Social Security tax regardless of the income and resources of those individuals. Title XVI, on the other hand, provides payment to disabled individuals who have limited resources and income. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019).

[3] *See* Doc 9-1 at 36 (September 6, 2016 notice of $2,005 overpaid); *id.* at 53 (January 3, 2017 notice of $19,135 overpaid).

[4] The Administration appeals process generally has four steps. First, the claimant seeks an initial determination of his claim from the agency. Second, he seeks reconsideration of that decision. Third, he requests a hearing, which is conducted by an ALJ. Fourth, he seeks review of the ALJ's decision by the Appeals Council. *See Smith*, 139 S. Ct. at 1772.

[5] Civil Action No. 6:20-cv-148.

- 2 -

reconsideration of his overpayment amount, finding that he was requesting an *explanation* of the Administration's decision rather than *reconsideration* of it. Doc. 9-1 at 138.

**2.** On January 12, 2023, plaintiff filed this action challenging the overpayment calculation. Doc. 1. On June 5, 2023, after several extensions of time to answer, defendant moved to dismiss this case for failure to exhaust administrative remedies. Doc. 9. On June 20, 2023, plaintiff responded, correctly pointing out that the Administration's Program Operational Manual System (POMS) states that a dismissed request for reconsideration is a non-appealable order,[6] making it a final decision subject to judicial review.

On June 27, 2023, seven days after plaintiff filed his response, the field office issued a reconsideration determination that noted plaintiff's right to appeal to an ALJ. Doc. 15-2. On June 31, defendant filed a reply, asserting that the case should be dismissed for failure to exhaust administrative remedies because the post-filing reconsideration decision is subject to further interagency review. Doc. 15.

The magistrate judge issued a report (Doc. 23) recommending that defendant's motion to dismiss be denied. The magistrate judge found that the history of this case showed an "intentional effort by the Administration to delay the final decision for the purpose of evading judicial review." *Id.* at 14. For that reason, the magistrate judge reasoned that this case presented the "extraordinary circumstances" required to waive the administrative-exhaustion requirement. *Id.* at 16.[7]

## Analysis

The court reaches the same result recommended by the magistrate judge but by a different path. The magistrate judge found that the exhaustion requirement should be waived. But this court holds that the exhaustion requirement did not need to be waived in the first place. Exhaustion is evaluated at the outset of the case. And plaintiff

---

[6] POMS, GN 03102.100(C)(5).
[7] Because the court denies defendant's motion on alternate grounds, it expresses no opinion on this conclusion.

had exhausted his administrative remedies at that time. So defendant's motion to dismiss for lack of exhaustion is denied.

42 U.S.C. § 405(g) and (h) provide the authority to review a final decision of the Administration. Section 405(h) states:

> [1] The findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing.

> [2] No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

> [3] No action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to re-cover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (brackets and line returns added). The third sentence "strips district courts of the most obvious sources of federal jurisdiction" for these claims. *Matter of Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019). The second sentence "channels" Social Security challenges "into § 405(g), which, in turn, grants jurisdiction to district courts to review final agency decisions made after a hearing." *Id.*

Section 405(g), in turn, provides jurisdiction by stating in relevant part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .

> The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing. . . .

> The court may, on motion of the [Commissioner] made for good cause shown before the Commissioner files the

- 4 -

Commissioner's answer, remand the case to the [Commissioner] for further action by the Commissioner . . . .

42 U.S.C. § 405(g) (line returns added). The "final decision" requirement has two elements: "first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74 (2019) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976)).

Here, defendant has not genuinely disputed that the December 2022 letter from the field office was a final decision of the agency subject to judicial review. Because there was no review left for plaintiff to seek within the Administration, plaintiff had exhausted his administrative remedies at the time he filed suit.

The Administration instead rests its argument on the post-filing June 2023 notice that allowed plaintiff to have his appeal heard by an ALJ. *See* Doc. 15 at 1; Doc. 24 at 4–5. That notice was filed well after plaintiff filed suit in this court. Yet defendant cites it for the proposition that unexhausted administrative remedies exist and, consequently, that "this Court simply has no jurisdiction." Doc. 15 at 2.

But "when a suit is filed under § 405(g), the agency may not divest the federal courts of jurisdiction by unilaterally reopening its administrative proceedings." *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 676–77 (7th Cir. 2010). That holding comports with the general rule that jurisdiction is analyzed based on "the state of facts that existed at the time of filing." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 387 (5th Cir. 2018) (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004)).[8] Indeed, if the rule were to the contrary, the Administration

could strip jurisdiction from federal courts, seemingly at any stage of the proceeding, for any reason. If the agency became concerned that a Court of Appeals—or even the

---

[8] The Fifth Circuit has cited *Doctors Nursing* for this proposition in the context of administrative exhaustion. *See Autobahn Imps., L.P. v. Jaguar Land Rover N. Am., L.L.C.*, 896 F.3d 340, 348 n.17 (5th Cir. 2018).

Supreme Court—might issue a decision adverse to its interests, it could reopen its proceedings and yank the case out of the courts, regardless of the amount of resources that had already been expended or the advanced stage of the case.

*Doctors Nursing*, 613 F.3d at 679.

So, if the Administration seeks to have this matter returned to the agency, it must seek "permission from the court" by moving for a remand, the mechanism that Congress provided in § 405(g) itself. *Id.* at 680; *see* 42 U.S.C. § 405(g) (providing a reviewing court with jurisdiction to enter a "judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing" or, "on motion of the [Commissioner] for good cause shown" before an answer, "remand the case to the [Commissioner] for further action"). If defendant moves for a remand to the agency, the magistrate judge may issue a recommendation on that motion. But a motion to dismiss is not the proper vehicle.

### Conclusion

For the reasons given above, the court accepts the unobjected-to portions of the magistrate judge's report and accepts the report's recommendation to deny the motion to dismiss, albeit on alternative grounds to those identified by the magistrate judge. Defendant's motion to dismiss (Doc. 9) is denied.

*So ordered by the court on April 29, 2024.*

J. CAMPBELL BARKER
United States District Judge

- 6 -