UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00022

**Robert David Bracken,**

v.

**Commissioner, SSA,**
*Defendant*

# ORDER

 This lawsuit seeking review of a social security benefits determination was referred to United States Magistrate Judge John D. Love. On August 23, 2024, the Commissioner filed a motion to remand this action to the Social Security Administration. Doc. 51. Plaintiff filed a response (Doc. 52), and on September 2, 2024, the magistrate judge issued a report (Doc. 56) recommending that this action be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Thereafter, on September 17, 2024, plaintiff filed a response objecting to the report and recommendation. Doc. 60. Plaintiff also filed a renewed motion to compel completion of the certified administrative record. Doc. 61.

 The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

 As an initial matter, plaintiff's objections exceed the court's local rule limiting objections and responses to reports and recommendations to no more than eight pages. E.D. Tex. Local Rule CV-72(c). Considering the compliant pages, plaintiff appears to object to three aspects of the background information provided in the report and recommendation: (1) the filing date for plaintiff's Title II application; (2) the Social Security Administration's

refusal to acknowledge that there were two previous ALJ hearings on the benefit-calculation issue; and (3) the report's alleged omission of the fact that plaintiff notified the Social Security Administration that he was receiving worker's compensation at the time his initial applications were filed. Doc. 60.

None of plaintiff's quibbles with the background section provide a viable objection to the magistrate judge's findings. If anything, plaintiff's disputes confirm why this matter needs to be remanded to the Social Security Administration. For example, with respect to plaintiff's August 2008 application, the magistrate judge pointed out that only a remand would allow the Commissioner to determine whether to reopen his initial August 28, 2008, determination. Doc. 56 at 6, 8. Similarly, the magistrate judge concluded that the Social Security Administration is in the best position to determine what happened to the missing transcripts from the alleged hearings on August 17, 2018, and February 22, 2019. *Id.* at 7. Additionally, the magistrate judge did not analyze whether plaintiff adequately notified the Social Security Administration that he was receiving worker's compensation at the time of the filing of his applications because that evidence is simply not before the court. The court agrees with the magistrate judge that the evidentiary record created at the administrative level in this case is wholly insufficient to address plaintiff's claims. The court further agrees that, for the reasons stated, a remand is largely favorable to plaintiff.

Accordingly, plaintiff's objections are overruled, and the report and recommendation (Doc. 56) is accepted. Fed. R. Civ. P. 72(b)(3). The Commissioner's motion to remand (Doc. 51) is granted. Pursuant to sentence four of § 405(g), this case is remanded to the Commissioner of the Social Security Administration for further proceedings consistent with this order. Any pending motions are denied as moot.

*So ordered by the court on March 6, 2025.*

_____
J. CAMPBELL BARKER
United States District Judge